UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

RONALD BROOKS                                                                CASE NO. 20-10165
    DEBTOR                                                                    CHAPTER 13

REASONS FOR DECISION

Debtor Ronald Brooks moves for a second time to reconsider dismissal of his case and a bar to filing another petition for relief [P-37]. 21st Mortgage Corporation opposes the motion [P-42]. The second motion to reconsider is denied.

Debtor filed a chapter 13 bankruptcy petition on February 16, 2020, without filing a certificate demonstrating that he had undertaken the prepetition credit counseling that 11 U.S.C. §109(h) requires. The court then ordered the Debtor and his lawyer to appear on March 4, 2020, to show cause why the case should not be dismissed for failure to receive credit counseling prior to filing the case pursuant to 11 U.S.C. § 109(h) [P-7]. When neither the Debtor nor his lawyer appeared for the March 4, 2020 hearing, the court dismissed the case for failing to obey the order to appear and barred the Debtor from filing another bankruptcy case for one year [P-16].

The court denied Debtor's motion to reconsider[P-35], and Debtor again seeks reconsideration [P-37]. Debtor's second motion to reconsider merely re-urges grounds asserted in his first motion. Debtor concedes that he had not taken credit counseling within the 180-day period before he filed bankruptcy, a deficiency he sought to cure by participating in credit counseling only on March 2, 2020, *after* he filed his case [P-17, p. 1]. Neither the first nor second motion recites facts that as a matter of law excuse the debtor from the duty to undergo prepetition credit counseling. *See* 11 U.S.C. 109(h).

Motions for reconsideration filed no later than fourteen days after entry of judgment are treated as motions for new trial or motions to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59, made applicable in bankruptcy court by Federal Rule of Bankruptcy Procedure 9023.[1]

> If the party files a second motion for reconsideration, "the [14]-day clock does *not* re-start if 'the factual and legal issues surrounding the [first] motion and the [second] motion are roughly similar.'"[2]

Because Debtor's second motion for reconsideration re-urges the same grounds and was filed more than 14 days after dismissal, it is treated as a motion seeking relief from judgment under Federal Rule of Civil Procedure 60(b), made applicable in bankruptcy court by Federal Rule of Bankruptcy Procedure 9024. Rule 60(b) provides grounds for relief from judgment based on:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Debtor has not demonstrated the any grounds that justify relief under Rule 60. Bankruptcy Code section 109(h)(1) provides that for eligibility as a debtor, the debtor must

---

[1] *Abraham v. Aguilar (In re Aguilar)*, 861 F.2d 873, 875 (5th Cir. 1988).
[2] *In re Kraft*, 2018 WL 4589998, at *3 (D.N.J. Sept. 25, 2018) (quoting *In re Taylor,* 343 F.App'x 753, 755-56 (3d Cir. 2009) and *In re Turner*, 726 F.2d 112, 114 (3d Cir. 1984)).

receive credit counseling within the 180 days prior to filing a case.  Debtor admitted that he did not comply with this requirement and, thus, was ineligible to be a debtor under the Bankruptcy Code on the date he filed.  The motion as a matter of law fails because dismissal was appropriate.

Because Debtor's motion offered no explanation for his failure to appear at the March 4, 2020 hearing, it does not justify relief from the one year bar to filing another petition for relief under the Bankruptcy Code.

Baton Rouge, Louisiana, March 30, 2020.

<u>**s/ Douglas D. Dodd**</u>
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE